**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:20-cv-001470

MONARCH CASINO & RESORT, INC.,

Plaintiff,

v.

AFFILIATED FM INSURANCE COMPANY,

Defendant.

---

**AFFILIATED FM INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

---

## A. Introduction

Monarch's strained interpretation of the AFM Policy renders many provisions meaningless, and it is therefore unreasonable as a matter of law. A harmonious reading of the plain terms of the Policy, as required by Nevada and Colorado law, shows that Monarch's alleged COVID-19 losses are not covered, even if viewed in the light most favorable to Monarch. Therefore, partial judgment on the pleadings as to all claims other than those based on the Communicable Disease Provisions is appropriate.

## B. Argument

### 1. There is no conflict of law, but if there were, Nevada law applies.

There is no conflict between the laws of Nevada and Colorado because there is no coverage under either state's laws. (Op. Br. at 6–14 [ECF No. 36].) Even if there were a conflict, Nevada law applies. (*Id.* at 5; Opp'n to Mot. to Certify at 3–7 [ECF No. 39].) Whether Monarch's derivative claims are governed by the laws of Nevada or Colorado

is immaterial—these claims fail under the laws of either state if there is no coverage. *U. S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (1975); *656 Logan St. Condo. Ass'n, Inc. v. Owners Ins. Co.*, 389 F. Supp. 3d 946, 957 (D. Colo. 2019). And, again, whether the Policy covers the loss is a matter of Nevada law. (Op. Br. at 5.)

**2. The Communicable Disease Provisions are limited exceptions that do not require a showing of physical loss or damage.**

Monarch argues that the Communicable Disease Provisions are not exceptions to the Contamination and Loss of Use Exclusions, but the Policy as a whole shows that Monarch is incorrect. (Resp. at 9 [ECF No. 41].) A Policy "may exclude coverage . . . in certain specified circumstances while providing coverage in other circumstances." *Frank & Freedus v. Allstate Ins. Co.*, 52 Cal. Rptr. 2d 678, 684 (Cal. Ct. App. 1996). An exception does not need to be explicitly labeled as such. The Communicable Disease Provisions are exceptions that operate via the "EXCLUSIONS" preamble language (Op. Br. at 2 ("the following exclusions apply unless otherwise stated")), combined with extensions or additions of coverage. Indeed, the Policy includes several exceptions that operate this way. For example, an additional coverage for "Land and Water Clean Up Expense" acts as a limited exception to a broader property exclusion for land and water. (Policy at 22, 33.) Monarch's focus on the lack of the word "except" impermissibly privileges isolated phrases over an examination of the Policy as a whole. *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014); *Fed. Deposit Ins. Corp. v. Fisher*, 292 P.3d 934, 937 (2013).

Monarch also argues that a physical loss or damage requirement should be read into the Communicable Disease Provisions. (Resp. at 9–10.) Again, reading the Policy as

a whole shows that Monarch is wrong. The Communicable Disease Provisions are coverage "additions" or "extensions." Some coverage "additions" and "extensions" expressly require physical loss and damage and others, like the Communicable Disease coverages, do not. (Policy at 26, 28, 45–46 [ECF No. 36-1].) Monarch impermissibly makes the use of "physical loss or damage" in other coverage "additions" and "extensions" meaningless. *Bielar v. Washoe Health Sys., Inc.*, 306 P.3d 360, 364 (Nev. 2013); *Copper Mountain, Inc. v. Indus. Sys., Inc.*, 208 P.3d 692, 697 (Colo. 2009).

**3. Monarch's claims are largely excluded.**

Monarch's argument that the Contamination Exclusion is irreconcilable with the Communicable Disease Provisions also violates the rules of contract interpretation. (Resp. at 7.) The Communicable Disease Provisions are compatible with the Contamination Exclusion because they are exceptions to the Exclusion. *Supra* at 2. In *Salon XL Color & Design Group, LLC v. West Bend Mutual Insurance Co.*, No. 20-11719, 2021 WL 391418 (E.D. Mich. Feb. 4, 2021), the court found no conflict between communicable disease coverage and a virus exclusion, because the virus exclusion did not apply to the communicable disease coverage. *Id.* at *3. The same is true here. Provisions in a policy should be read together, giving effect to each provision (*supra* at 2–3), but under Monarch's reading the Contamination Exclusion would be meaningless.

Monarch argues that the Policy's Loss of Use Exclusion makes its business income coverage illusory. (Resp. at 8.) Not so. The business income coverage referenced by Monarch applies where there is insured physical loss or damage to covered property at an insured location. The Loss of Use Exclusion applies in the absence of insured

physical loss or damage at an insured location, as is the case here. *See Ballas Nails & Spa, LLC v. Travelers Cas. Ins. Co. of Am.*, No. 20-CV-1155, 2021 WL 37984, at *4 (E.D. Mo. Jan. 5, 2021) (loss of use exclusion "suggests that the 'direct physical loss of property' clause was not intended to encompass a loss where the property was rendered unusable without an intervening physical force"). Monarch's alleged loss is based on its inability to use its premises due to governmental closure orders and not physical loss or damage at its premises. (Compl., ¶¶ 145, 167, 170.) The Loss of Use Exclusion accordingly precludes coverage.

**4. Monarch has not plausibly alleged "physical loss or damage."**

Monarch contends that the actual presence of a dangerous communicable disease constitutes physical loss or damage under established case law. (Resp. at 11–14.) AFM has already addressed this issue at length (Op. Br. at 7–12), and so focuses on only a few points here. First, according to the Covid Coverage Litigation Tracker, the vast majority of COVID-19 coverage cases have been fully dismissed. *See* Insurance Law Center and Penn Law, *Judicial Rulings on the Merits in Business Interruption Cases*, last visited Apr. 8, 2021, https://cclt.law.upenn.edu/judicial-rulings/. Second, a court may consult other court decisions to determine the plain meaning of terms in an insurance policy, *Fid. Nat'l Title Ins. Co. v. Woody Creek Ventures, LLC*, 830 F.3d 1209, 1213 (10th Cir. 2016), and these decisions show that "physical loss or damage" means a structural or physical alteration. (Op. Br. at 8.) Third, Monarch's assertion that AFM's position in its brief is inconsistent with discovery is unsupported. (Resp. at 12–13.) And fourth, the existence of communicable disease coverage in a policy does not change the fact that the presence

of coronavirus is not physical loss or damage. *See Islands Rests., LP v. Affiliated FM Ins. Co.*, No. 20-cv-2013, 2021 WL 1238872, at *4 (S.D. Cal. Apr. 2, 2021) (concluding COVID-19 losses are not physical loss or damage where policy had communicable disease coverage).

## C. Conclusion

As explained above and in the Opening Brief, AFM's motion should be granted.

Dated: April 9, 2021

Respectfully submitted,

**ROBINS KAPLAN LLP**

/s/ Scott G. Johnson

Scott G. Johnson
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
sjohnson@robinskaplan.com

Russell E. Yates
Ryan R. Yates
**YATES LAW FIRM**
1819 Denver West Drive, Suite 225
Golden, CO 80401
ryates@ylf.law
ryanyates@ylf.law

*Attorneys for Defendant Affiliated FM Insurance Company*

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2021, I served the foregoing AFM'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS via the CM/ECF system on the following people:

Bradley A. Levin
Nelson A. Waneka
**Levin Sitcoff**
1512 Larimer Street, Ste. 650
Denver, CO 80202

bal@levinsitcoff.com
naw@levinsitcoff.com

/s/ Donna LaFrance
Donna LaFrance